**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| HUGH MAURICE ALLEN WADE, | Civil Action No. 15-8925 (RMB) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| WARDEN FCI FAIRTON, | |
| Respondent. | |

This matter comes before the Court upon Petitioner's letter request to waive the time required to file an appeal. (ECF No. 17.) For the reasons stated herein, the Court will grant Petitioner's request, and extend the time for Petitioner to file a notice of appeal until fourteen (14) days from the date of entry of this Memorandum and Order, pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A).

I.   BACKGROUND

On October 31, 2016, the Court issued an Opinion and Order, denying Petitioner's habeas petition. (ECF Nos. 15, 16.) On January 3, 2017, Petitioner filed a letter request to waive the time required to file an appeal. (ECF No. 17.) Although Petitioner's letter request is undated, it arrived in an

1

envelope postmarked December 28, 2016. (*Id.*) In support of his motion, Petitioner stated:

> I was recently advised via the court's opinion, that the above captioned case was denied. Based on the fact that the mail initially was mailed to Ft. Dix, I am asking the court to waive the time requirement for filing an appeal.
>
> I am currently hospitalized in a federal medical center, and this is the first day I have had enough energy to respond to the court's decision.

(ECF No. 17, at 1-2.)

II.  GOVERNINING LAW

Requests to extend the time to appeal are governed by Fed. R. App. P. 4. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *See Bowles v. Russell*, 551 U.S. 205, 213 (2007). "[W]hen an appeal is taken beyond the time set out in the Rule, an appellate court is without jurisdiction to entertain and decide it." *Id.* In a civil case, with certain exceptions not applicable here, the notice of appeal required by Fed. R. App. P. 3 must be filed with the district clerk within thirty days after entry of the judgment or order appealed from.  *See* Fed. R. App. P. 4(a)(1).

"Rule 4(a)(5)(A) states, '[t]he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed

2

before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.'" *Allen v. Vaughn*, 298 F. App'x 130, 133 (3d Cir. 2008) (citing Fed. R. App. P. 4(a)(5)(A). "No extension under . . . Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C).

III. ANALYSIS

Here, Petitioner moved to extend the time to file an appeal, given the benefit of the prisoner mailbox rule,[1] on December 28, 2016, when the envelope was postmarked. (ECF No. 17 at 4.) This Court's judgment on Petitioner's petition under 28 U.S.C. § 2241 was entered on October 31, 2016. Pursuant to Fed. R. App. P. 4(a)(1)(A), Petitioner's notice of appeal was required to be filed with the district clerk by December 1, 2016, thirty days after entry of the judgment or order appealed from, as calculated under Fed. R. Civ. P. 6(a)(1). Fed. R. App. P. 4(a)(5)(A) requires a party to move to extend the time to appeal no later than thirty days after when the notice of appeal was required to be filed, in this case, December 31, 2016. Based on the December 28, 2016 postmark on the envelope

---

[1] The federal prison mailbox rule provides that a pro se prisoner's petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court. *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

3

containing Petitioner's request to extend the time to appeal, he met the time requirements of Rule 4(a)(5)(A).

Petitioner must also meet the excusable neglect or good cause requirement of Rule 4(a)(5)(A)(ii). Petitioner has shown good cause to extend the time to appeal because the Opinion and Order which he seeks to appeal were mailed to Fort Dix in New Jersey after he was transferred to the Federal Medical Center in Rochester, Minnesota.  Petitioner was deprived of time to file a notice of appeal through no fault of his own, as he had timely notified the Court of his change of address.  Therefore, the Court can grant Petitioner's request to extend the time to file a notice of appeal.

Rule 4(a)(5)(C) limits the extension to "30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later."  Thirty days after the prescribed time, December 31, 2016, has passed. This Court is limited to granting a fourteen day extension, beginning when this Memorandum and Order is entered.

**IT IS therefore on this 13th day of January 2017,**

**ORDERED** that the Clerk shall reopen this matter for consideration of Petitioner's request to extend time to file a notice of appeal; and it is further

**ORDERED** that Petitioner's request to extend time to file a Notice of Appeal (ECF No. 17) is granted, pursuant to Fed. R.

4

App. P. 4(a)(5)(A); Petitioner shall have fourteen days from the date this Memorandum and Order is entered to file his Notice of Appeal with the district clerk in accordance with Fed. R. App. P. 4(a)(1); and it is further

    **ORDERED** that the Clerk shall mail a copy of this Memorandum and Order to Petitioner at the Federal Medical Center in Rochester, Minnesota by regular U.S. Mail; and it is further

    **ORDERED** that the Clerk shall close this matter.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District
