**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |
|---|---|
| HUGH MAURICE ALLEN WADE, : | |
| : | Civil Action No. 15-8925 (RMB) |
| Petitioner, : | |
| : | |
| v. : | **OPINION** |
| : | |
| WARDEN, FCI FAIRTON, and : | |
| U.S. PAROLE COMMISSION : | |
| : | |
| Respondents. : | |

**BUMB**, District Judge

This matter comes before the Court upon Petitioner's motion for reconsideration of this Court's order denying his amended petition[1] for a writ of habeas corpus under 28 U.S.C. § 2241. (Mot. to Reconsider Habeas Corpus Pet. Based on New Evidence ("Mot. to Reconsider,") ECF No. 21.) Petitioner also submitted an amendment to his motion for reconsideration. (Amendment, ECF No. 22.) For the reasons discussed below, Petitioner's motion for reconsideration is denied.

I. BACKGROUND

Petitioner, Hugh Maurice Allen Wade, is a federal inmate presently confined at the Federal Medical Center in Rochester,

---

[1] The Court permitted Petitioner to amend his petition by addendum. (Opinion, ECF No. 10.)

Minnesota.[2]  On January 30, 1979, Petitioner was sentenced, in the United States District Court for the District of Maryland, to a prison term of fifteen years for distribution of heroin, a consecutive ten years for bank robbery, and a 5-year special parole term to follow. (Gervasoni Certificate, ECF No. 7-4, Ex. 1 [Sentence Monitoring Computation Data, pp. 7-8]).  Petitioner continues to serve this sentence based on a series of subsequent parole revocations.  (Opinion, ECF No. 15 at 2-5.)

In his habeas petition, Petitioner challenged the April 2015 U.S. Parole Commission's revocation decision in his case. (Am. Pet., ECF Nos. 1, 8.)  In his motion for reconsideration, he asks the Court to reconsider his claim that the "BOP unlawfully discriminates against 'Old Law' inmates by holding them to a different standard in regards to (RIS) reduction in sentence."  (Mot. to Reconsider, ECF No. 21 at 1.)  Petitioner contends he has received new information contradicting the Court's reason for denying his claim. (*Id.* at 1.)

In his amendment to his motion for reconsideration, Petitioner submitted additional new information, information he sent to the Clerk of the Court of Appeals for the Third Circuit in a status report.  (Amendment, ECF No. 22.)  The new information is:

---

[2] Petitioner was confined at FCI-Fairton, in Fairton, New Jersey when he filed the present petition. (Opinion, ECF No. 15 at 1-2.)

2

> 1). On February 8, 2017, the appellant/petitioner appeared before the U.S. Parole Commission. The result was the same, that is, <u>continuation to expiration</u>. The petitioner was not considered for compassionate release.
>
> 2). As of April 6, 2017, the Bureau of Prisons has redacted Policy Statement 5050.49, removing 18 U.S.C. § 4295 from the compassionate release component of the policy (RIS).

The Court notes that it denied Petitioner's equal protection claim based on "Old Law" versus "New Law" inmates without prejudice because Petitioner had not administratively exhausted the claim. (Opinion, ECF No. 15 at 8-9.)

## II. DISCUSSION

"Rule 59(e) permits the filing of a motion to alter or amend a judgment. A motion under Rule 59(e) is a 'device to relitigate the original issue' decided by the district court, and used to allege legal error." <u>U.S. v. Fiorelli</u>, 337 F.3d 282, 288 (3d Cir. 2003) (quoting <u>Smith v. Evans</u>, 853 F.2d 155, 158–59 (3d Cir. 1988)). A proper Rule 59(e) motion relies on one of three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." <u>Lazaridis v. Wehmer</u>, 591 F.3d 666, 669 (3d Cir. 2010) (citing <u>N. River Ins. Co. v. CIGNA Reinsurance Co.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995)).

Plaintiff asserts he received new information pertinent to his claim, a response [dated January 11, 2017] from the Warden at FMC-Rochester, advising him that he was not eligible for compassionate release pursuant to BOP Policy 5050.49 and 18 U.S.C. § 4205(a). This Court's reason for denying the "Old Law" equal protection claim is that it was unexhausted. The proper procedure is for Petitioner to file a new habeas petition once the claim is fully administratively exhausted. The Warden's January 11, 2017 response to Petitioner is not new evidence pertinent to the Court's decision that Petitioner had not exhausted this claim, nor is the information submitted by Petitioner to the Clerk of the Court of the Third Circuit Court of Appeals.

III. CONCLUSION

For these reasons, in the accompanying Order filed herewith, the Court denies Petitioner's motion for reconsideration.

DATED: August 22, 2017

s/RENÉE MARIE BUMB
**Renée Marie Bumb**
**United States District Judge**